IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LENIX,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:04-cv-05286 TAG<br><br>ORDER ON MOTION<br>FOR ATTORNEY'S FEES<br>(Doc. 16) |

## **INTRODUCTION**

Plaintiff's attorney seeks attorney's fees pursuant to 42 U.S.C. § 406(b) for work she undertook in this matter to obtain a stipulated remand (Doc. 12) and a subsequent administrative award for

past-due benefits. (Doc. 16 at p. 3). Plaintiff's attorney requests the Court order the payment of attorney's fees in the amount of $4,400 and further order counsel to reimburse Plaintiff Jerry Lenix the amount of $1,100 for EAJA fees previously ordered and paid. (Docs. 15 and 16 at pp. 1 and 3).

Plaintiff's attorney filed this motion for section 406(b) attorney's fees on March 2, 2006. (Doc. 16). On March 23, 2006, defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"), filed a response indicating that plaintiff's attorney appears entitled to the requested fees, with a moderate reduction, and that the Commissioner is not in a position to stipulate to the requested fees because the matter is between plaintiff and his attorney. (Doc. 19 at pp. 1, 5).

## BACKGROUND

On February 13, 2004, plaintiff filed a complaint in this Court seeking review of an adverse determination by the Commissioner of Social Security. (Doc. 1). There was no explicit fee agreement for plaintiff's appeal, contingency or otherwise. Accordingly, plaintiff was represented on a quantum meruit basis by counsel Denise Bourgeois Haley. (Doc. 16, Decl. Of Denise Bourgeois Haley at ¶ 2). On September 23, 2004, plaintiff and the Commissioner agreed to a stipulated remand for further administrative hearings, and a remand was so ordered by this Court and judgment entered. (Docs. 12 and 13). Upon further stipulation, this Court ordered that fees in the amount of $1,100 be paid under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 15). Upon remand, the Commissioner issued a decision to grant plaintiff's application for benefits, indicating that retroactive benefits of $39,131 would be awarded. (Doc. 16, Decl. of Denise Bourgeois Haley at ¶ 4).

Plaintiff's counsel now seeks fees in the amount of $4,400 under 42 U.S.C. § 406(b), with a further order to counsel to reimburse plaintiff the amount of $1,100 for EAJA fees previously paid. (Doc. 16 at p. 3). The fees sought by plaintiff's attorney are for 4.7 hours of attorney time and 6 hours of paralegal time in connection with matters before this Court. (Doc. 16 at p. 3). The pleading of counsel for plaintiff does not appear to state the base rates used for such attorney and paralegal time, although different fee calculation formulae are presented. Assuming a paralegal rate of $100, the effective hourly rate for attorney time sought by counsel for plaintiff is $808.51. (This is $4,400, minus $600 in paralegal time, divided by 4.7 hours). (Doc. 19 at p. 4).

## DISCUSSION

Section 406(b)(1)(A) of the Social Security Act addresses attorney fees in Social Security cases. It provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A). The above-quoted provision calls for court review of fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht

v. Barnhart, 535 U.S. 789 (2002). The United States Supreme Court has further observed:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services provided.
>
> . . .
>
> If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

Gisbrecht, 535 U.S. at 807-08.

Thus, section 406(b) instructs district courts to ensure that fee arrangements "yield reasonable results in particular cases." Gisbrecht, 535 U.S. at 807. Moreover, an EAJA award - as previously issued in this matter - offsets an award under section 406(b) so that the amount of total past-due benefits the claimant receives is increased by such EAJA award. See Gisbrecht, 535 U.S. at 796..

Here, plaintiff's counsel is proceeding on a quantum meruit basis. (Doc. 16 at p. 3). There is no fee agreement. (Doc. 16, Decl. Of Denise Bourgeois Haley at ¶ 2). Notwithstanding, this Court still must determine whether the fee sought is reasonable and ensure that it does not exceed twenty-five percent of past due benefits. See 42 U.S.C. § 406(b)(1)(A).

On the one hand, given the $39,131 past due benefit award at issue here (Doc. 16 at p. 3), plaintiff's counsel's fee request of about 1/11th of such award appears well within the statutory limit, particularly when offset to account for the prior $1,100 EAJA award.

On the other hand, plaintiff's counsel's is requesting - purely on a quantum meruit basis - a fee award of as high as $808 or more per hour. Counsel has not provided to the Court, nor has the Court found, any authorities pertaining to fee awards under section 406(b) under such circumstances.[1] However, under Gisbrecht, a reviewing court may require "a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Gisbrecht, 535 U.S. at 808. Given the absence of any fee agreement here - and that counsel is proceeding purely on a quantum meruit basis - the approval by the Gisbrecht Court of the use of hourly billing records "as an aid to

---

[1] The Court notes that attorneys in California are *required* to put their fee agreements in writing. Bus. & Prof. Code §§ 6147, 6148. Failure to do so renders the agreement voidable at the option of the client and, when voided, the attorney is entitled to collect only a "reasonable" fee. Bus & Prof. Code §§ 6147(b), 6148(c).

1  the court's assessment of reasonableness" is fitting and appropriate. This Court simply cannot
2  determine what is reasonable in a quantum meruit case, i.e., a case conducted without a fee
3  agreement in place between counsel and her client, without knowing counsel's normal hourly billing
4  charge.
5    Accordingly, it is ORDERED that plaintiff's counsel file a declaration, within thirty (30)
6  days of the date of this Order, describing her normal and standard hourly billing charge for non-
7  contingent fee cases, as well as the normal and standard hourly billing charge of the paralegal who
8  assisted plaintiff's counsel in this case. Such a statement is necessary in order to aid this Court in the
9  reasonable fee determination required under section 406(b).
10
11 IT IS SO ORDERED.
12 Dated:  **March 28, 2006**        /s/ Theresa A. Goldner
  **j6eb3d**          UNITED STATES MAGISTRATE JUDGE